FILED

2020 Aug-31  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHAMEYER MONIQUE KING,** **individually and on behalf of all others similarly situated,** | } } } } | |
| **Plaintiff,** | } } | |
| **v.** | } } | **Case No.: 2:18-cv-01731-RDP** |
| **WISE STAFFING SERVICES, INC., et al.,** | } } } | |
| **Defendants.** | } } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendant Wise Staffing Services' Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. # 48). The Motion is fully briefed and ripe for review. (Docs. # 24, 25, 29, 30, 31-35, 48, 49, 51, 54, 55, 57). After careful consideration, and for the reasons explained below, the court concludes the Motion (Doc. # 48) is due to be denied.

## I.      Background

Plaintiff Shameyer King alleges a collective action under the Fair Labor Standards Act ("FLSA") and an individual claim for breach of contract against Defendants Wise Staffing Services, Inc. ("Wise Staffing") and EPSCO, Inc. ("EPSCO"). (Doc. #1 at ¶¶ 1, 10-13, 59-63). Plaintiff sued Defendants in federal court in Alabama. She claims Wise Staffing and EPSCO violated the FLSA by depriving her and other employees of overtime wages they were lawfully entitled to receive under the Act. (*Id.* at ¶¶ 51-58). Plaintiff also alleges Wise Staffing breached her employment contract by withholding her pay, purportedly for the purchase of health insurance, without actually purchasing that insurance. (*Id.* at ¶¶ 59-63).

Wise Staffing is a Mississippi corporation with its principal place of business in that state. (Docs. # 48 at ¶ 2; 49 at 2-3). It is part of Wise Staffing Group, a family of companies that provides staffing services throughout the Southeast. (Doc. # 49 at 2). Wise Staffing's co-defendant, EPSCO, is also part of the Wise Staffing Group. (*Id.*). Plaintiff alleges she is employed in Alabama by Wise Staffing and EPSCO acting jointly. (Doc. # 1 at ¶¶ 9, 21-23). Specifically, she asserts that Wise Staffing acts "through or as EPSCO" to employ her and conduct business in Alabama. (*Id.* at ¶ 11).

Wise Staffing denies that it ever employed or paid Plaintiff (or any other Alabama employee). It instead claims that Plaintiff is employed solely by EPSCO, an entirely separate legal entity. (Doc. # 49 at 3-4). Accordingly, Wise Staffing moved to dismiss for lack of personal jurisdiction.[1] *See* Fed. R. Civ. P. 12(b)(2); (Doc. # 48). But Plaintiff asserts that Wise Staffing operates so extensively in Alabama that it should be subject to personal jurisdiction in this case. (Doc. # 51). She further claims that Wise Staffing and EPSCO are "so intertwined as to be indistinguishable" and that they "operated under a set of shared manuals, policies and plans set by [Wise Staffing] for [EPSCO]." (*Id.* at ¶ 22). "Through these policies and plans," Plaintiff alleges, Wise Staffing and EPSCO "jointly exercised control over" Plaintiff's schedule and rate of pay. (*Id.* at ¶ 23). Plaintiff argues that by employing her in Alabama and subjecting her to illegal pay practices, Wise Staffing established sufficient contacts with Alabama to subject it to specific jurisdiction in Alabama for Plaintiff's claims in this lawsuit. (*See* Doc. # 51).

The evidence submitted by the parties shows the following. On June 5, 2018, Plaintiff applied for a job with a staffing services company in Bessemer, Alabama. (Doc. # 51-7 at 4-5). Plaintiff's employment application identified her prospective employer as "Wise Staffing Services, Inc." (Doc. # 51-7 at 4-5). That name was printed prominently at the top of the application and appeared repeatedly in the fine print. (*Id.*). On the same day she filled out the

---

[1] Defendant Wise Staffing previously filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 24), but the motion was terminated by the court to allow for limited jurisdictional discovery. (*See* Doc. # 37).

2

employment application, Plaintiff was hired and signed an employment contract. (Doc. # 30-1 at 8-11). The employment contract identifies the "EMPLOYER" as several Wise Staffing Group companies, including both "Wise Staffing Services, Inc." and "EPSCO, Inc." (*Id.* at 8). It identifies the "EMPLOYEE" as "Shameyer King." (*Id.*).

The employment contract includes a covenant requiring Plaintiff not to compete with her "employer" for a period of eighteen months after separating from her employer. Because Wise Staffing is designated as Plaintiff's employer, Plaintiff would be prohibited from "engag[ing] in the same business or any similar function" as Wise Staffing or "endeavoring to secure administrative, managerial, data processing, sales or technical employees for permanent or temporary compensated positions for any business firms" within a 200-mile radius of the office that employed her if she were to separate from the company. (Doc. # 30-1 at 8).

The employment contract was signed by Plaintiff (as the employee) and by Kayla Brothers (for the employer). (*Id.* at 9). Plaintiff claims that Kayla Brothers was an employee of both EPSCO and Wise Staffing. (*Id.* at 1-3). An affidavit submitted by Wise Staffing identifies Kayla Brothers as "a corporate Trainer for EPSCO, Inc." (Doc. # 30-1 at 3, ¶ 8). However, Brothers' e-mail signature previously stated that she was employed by EPSCO, Wise Staffing Services, and Wise Staffing Group. (Doc. # 51-4 at 29). The evidence submitted by Plaintiff shows that on April 25, 2019, Julie Griffith, Vice President of EPSCO, texted an EPSCO employee the following message: "[h]ey [ ] make sure you take wisestaffinggroup [sic] and Wise Staffing out of your signature on your e-mail." (Doc. # 33-2 at 1-4). A later message from Griffith directed the employee to "[j]ust have EPSCO staffing only." (*Id.*). To be clear, these messages occurred after Wise Staffing filed its first Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 24) and before it filed its Renewed Motion to Dismiss (Doc. # 48).

3

In addition to the employment contract, Plaintiff signed forms permitting "Wise Staffing Services" to make direct deposits into her checking account (Doc. # 51-7 at 6) and authorizing "Wise Staffing Services, Inc." to test her for drugs in the future (*Id.* at 17). She also initialed and signed a "Policy and Procedures Checklist," which had "Wise Staffing Services, Inc." printed prominently at the top of the form and identified Plaintiff as "an employee of Wise Staffing Services, Inc." (*Id.* at 16). Upon commencing employment, Plaintiff was expected to abide by Wise Staffing's employee policies and procedures. (*See* Doc. # 30-1 at 8-11). Further, Plaintiff received weekly paychecks from both EPSCO and Wise Staffing. (Doc. # 51-7 at 6). Some of Plaintiff's paychecks have the name "Wise" printed in the upper left corner (*Id.* at 12-15); others have the name "EPSCO" on them (*Id.* at 7-11).

Plaintiff also submitted evidence that indicates Wise Staffing holds itself out as doing business in Alabama. (Doc. # 51-6). Wise Staffing Group maintains a website for all of its subsidiaries, including Wise Staffing Services. The website states that Wise Staffing has "grown into one of the largest staffing services in the southeast with offices in 22 cities within 10 states . . . ." (Doc. # 51-6 at 3). On the Wise Staffing page, there are eight Alabama locations listed, including Plaintiff's former office in Bessemer, Alabama. (*Id.*).

Wise Staffing vehemently denies that it is subject to personal jurisdiction in Alabama. Its current President, Marcus Clegg, and former president, Marc Clegg, testified that Wise Staffing does not operate in Alabama and has no offices, employees, or clients in the state. (Doc. # 49-3 at 39). But those averments are flatly contradicted by the multiple employment documents Plaintiff signed that bear the name "Wise Staffing Services, Inc." (Doc. # 51-7 at 4-6, 16-17) and by Plaintiff's employment contract, which refers to a relationship "between Wise Staffing Services, Inc. . . . and Shameyer King." (Doc. # 30-1 at 8).

Wise Staffing has offered an explanation for these apparent discrepancies. According to the testimony of Valerie Mendoza, who is employed by both Wise Staffing and EPSCO as an accountant and payroll manager, the documents that Plaintiff signed bearing the name "Wise Staffing Services, Inc." were documents used by all entities that were part of the Wise Staffing Group. (Doc. # 51-9 at 49-53; *see* Doc. # 30-1 at 2-3, ¶¶ 2, 12). Mendoza further states that Plaintiff was employed solely by EPSCO (despite the employment contract also identifying Wise Staffing as her employer) because EPSCO was the only Wise Staffing Group entity "with offices in Alabama, which is where [Plaintiff] resided." (Doc. # 30-1 at 3, ¶ 11; *see* Doc. # 51-9). According to Mendoza, Plaintiff was never employed or paid by Wise Staffing and Wise Staffing has no human resources records of any kind for an employee with Plaintiff's name. (Doc. # 30-1, ¶¶ 5-6, 9-10).

Plaintiff's paychecks also bear the name "Wise" in the upper left corner (Doc. # 51-7 at 12-15), which suggests that Wise Staffing was at least partly responsible for paying Plaintiff. Defendants contend that EPSCO, a separate legal entity with a presence in Alabama, used Wise Staffing's forms to process its new employees. But Wise Staffing has an explanation for this too. It submitted a "Payroll History Report" for Plaintiff from "EPSCO, Inc.," which shows that EPSCO has records of paying even those paychecks to Plaintiff that have "Wise" printed in the upper left corner. (Doc. # 30-1 at 6). The four paychecks Plaintiff submitted that have "Wise" printed on them (Doc. # 51-7 at 12-15) are all listed on EPSCO's payroll history report for Plaintiff (Doc. # 30-1 at 6). Further, Wise Staffing argues that EPSCO pays Wise Staffing a fee to process its payroll. (Doc. # 49-5 at 6-7). Based on this evidence, Wise Staffing claims that it never employed Plaintiff and therefore has no contacts with Alabama related to this lawsuit.

## II.   Standard of Review

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999) ("A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction."). If the plaintiff satisfies his initial burden and the defendant then challenges personal jurisdiction by submitting affidavit evidence or deposition testimony, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1268 (11th Cir. 2002); *see also Posner,* 178 F.3d at 1214 ("The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'"). When the issue of personal jurisdiction is decided on the evidence but without a discretionary hearing, a plaintiff demonstrates the requisite "prima facie case [for] personal jurisdiction" by submitting evidence sufficient to defeat a motion made pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1317 (11th Cir. 2006). In other words, at this evidentiary juncture, the court construes the complaint's allegations as true if they are uncontroverted by affidavits or deposition testimony, *id.*, and where there are evidentiary conflicts, the court "construe[s] all reasonable inferences in favor of the plaintiff[s]." *Whitney Info. Network, Inc. v. Xcentric Ventures, LLC,* 199 F. App'x 738, 741 (11th Cir. 2006) (quoting *Meier,* 288 F.3d at 1269); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

6

**III.   Analysis[2]**

"A federal district court in [Alabama] may exercise personal jurisdiction over a nonresident defendant to the same extent that [an Alabama] court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993)); *see also* Ala. R. Civ. P. 4.2 (permitting jurisdiction over nonresident defendants on any basis "not inconsistent with the constitution of this state or the Constitution of the United States"). Thus, this court may exercise personal jurisdiction over a defendant so long as jurisdiction is consistent with federal due process principles.

The Supreme Court has recognized two types of personal jurisdiction consistent with the Fourteenth Amendment's Due Process Clause—general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). A defendant subject to general jurisdiction in a forum may be sued in that forum on any and all claims against it, even if the claims have no connection to the forum. *Id.* at 919. By contrast, a court has specific jurisdiction over a defendant only with respect to claims that arise out of or relate to the defendant's contacts with the forum. *Id.* at 923-24. This court addresses each type of jurisdiction in turn.

---

[2] Plaintiff submitted supplemental briefing in response to Defendant's Motion to Dismiss for Lack Of Personal Jurisdiction. (Doc. # 55-2). Plaintiff claims that another decision issued by a court in this district is directly on point. *See Southern Research Institute v. PAM Innovation Corp.*, 2020 WL 1433151, at *1, 3 (N. D. Ala. March 24, 2020) (discussing personal jurisdiction based on the alter-ego theory when a plaintiff attempted to pierce the corporate veil to establish personal jurisdiction over a non-resident individual defendant). But, Plaintiff is incorrect. As the court noted in *Southern Research*, "[p]ersonal jurisdiction may be based on an alter-ego theory when 'separate corporate status is formal only' and has no 'semblance of individual identity.'" *Id.* at *8 (citations omitted). Plaintiff did not raise an alter-ego theory in its briefing, nor is there Rule 56 evidence that EPSCO has no "semblance of individual identity." For this reason, the court does not find this argument persuasive.

A.    **General Jurisdiction**

For general jurisdiction to exist, the defendant's "affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Under *Daimler*, corporations are subject to general jurisdiction where they are incorporated or where they have their principal place of business. 571 U.S. at 137. Because Wise Staffing submitted uncontroverted evidence that it is incorporated in Mississippi and has its principal place of business in the same state (Doc. # 24-1 at 2-3, ¶¶ 2, 4, 6), neither of these conditions apply here.

However, Plaintiff argues this matter falls under a narrow hypothetical mentioned in *Daimler* in which the Court envisioned "an exceptional case" where a business's "operations in a forum other than its formal place of incorporation or principal place of business [were] so substantial and of such a nature" as to support general personal jurisdiction in that forum. 571 U.S. at 139 n.19. For a court to find general personal jurisdiction exists under that narrow exception, a plaintiff must show the defendant's business activities were so extensive as to "render the corporation at home in that State." *Id. See also Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business."). Plaintiff fails to make such a showing. She argues this court has jurisdiction solely because Wise Staffing conducts some business in Alabama. But this argument is unconvincing—general jurisdiction requires proving far more. Thus, the only remaining question is whether Wise Staffing is subject to specific jurisdiction in Alabama.[3]

---

[3] Plaintiff previously argued that Wise Staffing waived any personal jurisdiction defense by answering her complaint before filing the instant motion to dismiss. (Doc. # 29 at 2). Because the court concludes that Wise Staffing is subject to personal jurisdiction in Alabama, it need not address whether Wise Staffing waived its personal

**B.**    **Specific Jurisdiction**

Specific personal jurisdiction is based on the party's contacts with the forum state that are related to the cause of action. *Turner v. Regions Bank*, 770 F. Supp. 2d 1244, 1247-49 (M.D. Ala. 2011). The Eleventh Circuit follows a three-part test to determine whether specific jurisdiction over a defendant is proper. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Under this three-part test, "[t]he plaintiff bears the burden of establishing the first two prongs." *Id.* If the plaintiff proves the first two prongs, the defendant may only avoid specific jurisdiction by a compelling showing under the third prong. For the first prong, the plaintiff must show his claims "arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* (internal quotation marks omitted). Under the second prong, the plaintiff must prove the nonresident defendant "purposefully availed himself of the privilege of conducting activities within the forum state." *Id.* (internal quotation marks omitted). Finally, if the plaintiff establishes the first two prongs, the burden shifts to the defendant to show "a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

**i.**    **Prong One: Arising Out of or Related to Defendant's Contacts**

"[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (citations and additional internal quotation marks omitted). "Our inquiry must focus on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* (citations and internal quotation marks omitted). The Eleventh Circuit has held that the analytical focus must be on the "'contacts the defendant [itself] creates with the forum'"

---

jurisdiction defense. And, in any event, the court notes that Wise Staffing likely did not waive its personal jurisdiction defense because it asserted that defense in its answer. (Doc. # 6 at 2-3, 9-10).

9

and "not the plaintiff's contacts with the forum or even the defendant's contacts with the plaintiff[]." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 289 (2014)). Although "the contact must be a 'but-for'" cause of the injury, the causal nexus must also be such that the defendant receives "fair warning that a particular activity will subject [it] to the jurisdiction of a foreign sovereign." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1223-24 (11th Cir. 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, Plaintiff's claims arise directly out of Wise Staffing's alleged wrongdoings in Alabama. Specifically, Plaintiff claims that during her employment in Alabama, Wise Staffing (1) violated the FLSA by withholding overtime compensation and (2) breached an employment contract by misappropriating funds intended to be used for Plaintiff's health insurance. (Doc # 1). These claims, which assert a direct causal relationship between Plaintiff's employment in Alabama and the alleged wrongful conduct, demonstrate that Wise Staffing's contacts with the forum are sufficient to establish the first prong and sufficient to alert Wise Staffing that it would be subject to jurisdiction in this state based on them. *See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1273 (11th Cir. 2010) (finding the first prong satisfied when defendant allegedly broke a contractual agreement that involved performance in the forum state); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996) (citation omitted) ("If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts."); *Oldfield*, 558 F.3d at 1223-24 (causal connection established when the defendant, because of its contacts, received fair warning that its activity would subject it to jurisdiction). Therefore, the court finds the first prong easily satisfied.

###### ii.        Prong Two: Purposeful Availment

Under the minimum contacts test used to determine purposeful availment, the court assesses the nonresident defendant's contacts with the forum state and asks whether those contacts: (1) are related to the plaintiff's cause of action, (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum, and (3) are such that the defendant should reasonably anticipate being haled into court in the forum. *Louis Vuitton*, 736 F.3d at 1357 (citations omitted). In performing this analysis, a court must identify all contacts between the nonresident defendant and the forum state and ask whether, individually or collectively, those contacts satisfy these criteria. *Id.* (citing *King & Hatch, Inc. v. S. Pipe & Supply Co.*, 435 F.2d 43, 46 (5th Cir. 1970) ("Taken collectively, the contacts of [the nonresident defendant] with the State of Alabama far exceed those 'minimum contacts' which would allow Alabama to constitutionally compel [the defendant] to defend this suit in the forum state.")).

The evidence submitted by the parties leaves little doubt that Wise Staffing's contacts with Alabama satisfy this prong. This conclusion is supported by the following Rule 56 evidence:

- The employment application Plaintiff completed while in Bessemer, Alabama identified her prospective employer as "Wise Staffing Services, Inc."—the name was printed prominently at the top of the application and appeared repeatedly in the fine print. (Doc. # 51-7 at 4-5).

- Plaintiff's employment contract identified her "EMPLOYER" as several Wise Staffing Group companies, including both "Wise Staffing Services, Inc." and "EPSCO, Inc." (Doc. # 30-1 at 8).

- Plaintiff initialed and signed a "Policy and Procedures Checklist," which had "Wise Staffing Services, Inc." printed prominently at the top of the form and which identified Plaintiff as "an employee of Wise Staffing Services, Inc." (Doc. # 51-7 at 16).

- Plaintiff also signed forms permitting "Wise Staffing Services" to make direct deposits into her checking account (*id.* at 6) and authorizing "Wise Staffing Services, Inc." to test her for drugs in the future (*id.* at 17).

- Some of Plaintiff's paychecks have the name "Wise" printed in the upper left corner (*id.* at 12-15).

- Plaintiff's employment contract included a covenant not to compete with her "employer" (identified as Wise Staffing Services) for a period of eighteen months. (Doc. # 30-1 at 7-9).

- Multiple EPSCO employees had e-mail signatures identifying their employers as EPSCO, Wise Staffing Group, and Wise Staffing Services. (Docs. # 33-2 at 1-4; 51-4 at 29).

- Wise Staffing Group maintains a website for all of its subsidiaries, including Wise Staffing Services. The website states that Wise Staffing Services has "grown into one of the largest staffing services in the southeast with offices in 22 cities within 10 states . . . ." (Doc. # 51-6 at 3). On the Wise Staffing page, there are eight Alabama locations listed, including Plaintiff's former office in Bessemer, Alabama. (*Id.*).

The court acknowledges that Wise Staffing has offered an explanation for every contact noted by Plaintiff. But, in jurisdictional disputes where there is tension between the evidence proffered by the plaintiff and the evidence proffered by the defendant, the court must "construe[s] all reasonable inferences in favor of the plaintiff." *Whitney Info,* 199 F. App'x. at 741 (citing *Meier*, 288 F.3d at 1269; *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Construed in favor of Plaintiff, the above evidence indicates Wise Staffing purposefully availed itself of Alabama's laws through its conduct in the state. Wise Staffing repeatedly held itself out to Plaintiff as her employer. (Docs. # 30-1 at 7-9, 51-7 at 4-5, 16). And, Wise Staffing acted as Plaintiff's employer by subjecting her to Wise Staffing policies, procedures, and

oversight. (Docs. # 30-1 at 8-10, 51-7 at 6, 17). Furthermore, Wise Staffing held itself out to the public as operating in Alabama. (Doc. # 51-6 at 3).

Courts in the Eleventh Circuit have found sufficient contacts based on far less. For example, in *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.,* the Eleventh Circuit found sufficient minimum contacts with Alabama where the defendant insurance brokers had no "direct contact whatsoever with . . . Alabama." 207 F.3d 1351, 1357 (11th Cir. 2000). In *Ruiz*, it was sufficient that the defendants did business with an Alabama resident, "expected to receive a benefit from that business," knew that the insurance at issue was for a boat in Alabama, authorized sending a binder for the insurance to Alabama, and received a commission from the sale of the insurance. 207 F.3d at 1357. *See Reliance Nat. Indem. Co. v. Pinnacle Cas. Assur. Corp.,* 160 F.Supp.2d 1327, 1333 (M.D. Ala. 2001) ("E-mails, like letters and phone calls, can constitute minimum contacts, at least if the defendant or his agents send the message for pecuniary gain rather than substantially personal purposes."); *University of South Alabama v. Southern Farm Bureau Cas. Ins. Co.*, 2005 WL 1840238, at *8 (S.D. Ala. July 27, 2005) (finding minimum contacts satisfied where a defendant insurance company sent letters into Alabama, spoke to a resident of Alabama over the phone at least once, had a contract executed in its favor by a lawyer in Alabama, and settled a claim with an Alabama claimant because "the foregoing activities by [the defendant] were directed toward Alabama and arguably resulted in injury to [the plaintiff]").

Here, it is readily apparent that Wise Staffing's contacts with Alabama are related to Plaintiff's cause of action such that it has purposefully availed itself of the privileges of doing business within the forum state. It should come as no surprise to Wise Staffing that it could be haled into an Alabama court, especially since it advertises having eight Alabama branches. *See Louis Vuitton*, 736 F.3d at 1357-58 (finding defendant purposefully availed itself of the laws of the forum state because, in part, the defendant marketed doing business in the forum state).

### iii.      Prong Three: "Fair Play and Substantial Justice"

Exercising personal jurisdiction over Wise Staffing in this forum also comports with notions of fair play and substantial justice. In conducting the analysis on this prong, the court considers the following factors: (1) "the burden on the defendant," (2) "the forum's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," and (4) "the judicial system's interest in resolving the dispute." *Licciardello,* 544 F.3d at 1288.

Under the first factor, Wise Staffing has not offered any evidence indicating that it would be financially, legally, or otherwise burdened by having to litigate the case in Alabama. *See Louis Vuitton*, 736 F.3d at 1358 (finding the first factor weighed in favor of exercising personal jurisdiction in the forum state because "[the defendant] has not offered any evidence of his finances or any other limitations on him to show that he would be burdened by having to litigate the case in [the forum state]"). And, because Wise Staffing is located in nearby Mississippi, it is not a heavy burden for its representatives to travel to Alabama, especially given that modern methods of communication have greatly reduced the expense and amount of actual travel required of out-of-state defendants. *See Turner*, 770 F. Supp. 2d at 1253 ("As [the defendant] is located in nearby Florida, it is not a heavy burden for its representatives to travel to Alabama."); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223 (1957) ("[M]odern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.").

Under the second factor, Alabama has a strong interest in protecting Alabama employees (both current and former) of EPSCO and Wise Staffing from the harms alleged in this case.[4] As

---

[4] Wise Staffing also argues that "in the event this [c]ourt denies its motion to dismiss, the Plaintiff will attempt to make non-resident plaintiffs (current of former Wise employees) part of the putative collective action class." (Doc. # 54 at 8). In support of this argument, Wise Staffing cites *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1782 (2017). The court reminds the parties that it does not base its rulings on anticipated conduct. The court will address that issue at a later date, if it is actually raised.

mentioned above, to the extent the evidence submitted by the parties creates conflicts, all reasonable inferences must be construed in favor of Plaintiff. *See Meier,* 288 F.3d at 1269; *Morris*, 843 F.2d at 492. And, because Plaintiff alleges Defendants committed wrongdoing in Alabama, the forum state of Alabama has a strong interest in adjudicating the case. *See Louis Vuitton*, 736 F.3d at 1358 ("In light of [defendant's alleged wrongdoing], [the forum state] had a strong interest in hearing the case.").

Under the third factor, which looks to the plaintiff's interests, exercising personal jurisdiction over Wise Staffing also comports with findings of fair play and substantial justice. Plaintiff has an interest in litigating this case in her chosen forum and where the events giving rise to this suit took place. *See id*.; *Licciardello*, 544 F.3d at 1288.

And, finally, under the last factor, the judiciary has an interest in efficiently resolving this dispute in Alabama—the forum where Plaintiff was employed and where the case has been pending for nearly two years. *See Louis Vuitton*, 736 F.3d at 1358 ("The judiciary has an interest in efficiently resolving the dispute in the forum where an extensive record was established and the case was long pending."). Furthermore, it is readily apparent from the record that Wise Staffing and EPSCO share records, personnel, and a corporate office. Allowing both companies to proceed in this matter decreases the burden on the judiciary and the parties by preventing duplicative actions (*e.g.*, witnesses will not be subject to multiple depositions, document production will be less burdensome, etc.). *See Turner*, 770 F. Supp. 2d at 1253 ("[I]t is more convenient for the [plaintiffs] and more efficient for the interstate judicial system to resolve all claims … in one action, rather than parceling them among multiple courts.").

All four factors considered in determining fair play and substantial justice weigh in favor of subjecting Wise Staffing to personal jurisdiction in Alabama. And, because all three prongs of the Eleventh Circuit's three-part test support exercising personal jurisdiction over Wise Staffing,

the court concludes the personal jurisdiction requirements set forth by state statutes and the Due Process Clause are satisfied.

**IV.   Conclusion**

For the reasons explained above, Defendant Wise Staffing Services' Motion to Dismiss (Doc. # 48) is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this August 31, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

16